# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GARY PATRICK CIANCIO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 13-478-JHP-KEW** |
| ) | |
| **ROBERT PATTON, DOC Director,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Pittsburg County District Court Case No. CF-2010-401 for Child Abuse by Injury. He sets forth the following grounds for relief:

I. The admission of improper character evidence and evidence of "bad acts" deprived petitioner of the right to a fair trial.

II. Petitioner failed to receive the effective assistance of counsel, as guaranteed by the Sixth Amendment.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and modifying

his sentence. *Ciancio v. State*, No. F-2011-568 (Okla. Crim. App. Dec. 7, 2012).

D. Transcripts of petitioner's pretrial, trial, and sentencing proceedings.

E. Original Record in Case No. CF-2010-401.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

Petitioner was convicted of the Child Abuse by Injury of three-year-old C.D. (Tr. I 249). The Oklahoma Court of Criminal Appeals (OCCA) set forth its factual findings of the case as follows:

> Ciancio was charged by Amended Information with one count of Child Abuse by Injury, under Okla. Stat. tit. 21, § 843.5(A), during the time period of September 19-22, 2010. Two specific acts of child abuse were named in the Information: (1) "burning C.D. on the hand with a cigarette lighter, causing 1st and 2nd degree burns," and (2) "hitting [C.D.] on the lower back, hips, and buttocks area, causing severe purple contusions and petechiae." The evidence presented at Ciancio's trial was more than sufficient to establish that Ciancio committed these actions upon C.D. and that C.D. was injured thereby.
>
> C.D. reported to numerous persons that the severe burn on his right hand, discovered on September 22, 2010, was caused by Ciancio burning him with a cigarette lighter and that the severe bruising on his right buttock, side,

and lower back, which was discovered at the same time, was caused by Ciancio spanking him with a black belt. Ciancio denied causing any of C.D.'s injuries and presented a case at trial that the observed injuries were not caused by him, *i.e.*, that the burn was caused by C.D. touching a hot pot in the kitchen and that the bruising was caused by C.D. jumping off furniture and other things and repeatedly landing on his right side, while the family was at the lake in Eufaula the previous weekend. Nevertheless, C.D.'s consistent statements at the time, as well as his trial testimony, more than adequately established that the source of his injuries was the mother's boyfriend, Ciancio.[1] Yet Ciancio's three-day trial included substantial amounts of other evidence that was not relevant to these specific charges and that reflected very poorly on Ciancio (and also C.D.'s mother, Jones).

*Ciancio v. State*, No. F-2011-568, slip op. at 1-2 (Okla. Crim. App. Dec. 7, 2012). The OCCA's factual findings are entitled to a presumption of correctness, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**Direct Appeal**

Petitioner complains in Ground I that a significant amount of improper evidence regarding his character was introduced by the State. He claims this evidence lacked any probative value and served only to attack his character, resulting in prejudice to him. He asserts in Ground II that his trial counsel was ineffective in failing to object to the prejudicial evidence. Following the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), the OCCA addressed petitioner's claims and denied relief:

> In Proposition I, Ciancio argues that the State was allowed to present improper and irrelevant character and "bad acts" evidence, that this evidence was unduly prejudicial, that the State did not provide adequate pretrial notice of this evidence, and that Ciancio's jury was not given any kind of limiting instruction about how such evidence could be considered. Since none of these challenges were raised at trial, however, this claim has been waived, and we review only for plain error.

---

[1] "And the testimony of nurse practitioner Cynthia Sanford further supported this conclusion." *Ciancio*, No. F-2011, slip op. at 2 n.2.

3

In Proposition II, Ciancio acknowledges that "most" of the evidence challenged in Proposition I was introduced without objection from his counsel. In fact, defense counsel failed to object to *all* of the now-challenged evidence addressed herein. Hence this Court focuses its analysis on Ciancio's Proposition II ineffective assistance claim. In order to establish ineffective assistance of counsel, Ciancio must demonstrate that the performance of his counsel was deficient and unreasonable and that he was prejudiced thereby. And to establish prejudice, Ciancio must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The State presented evidence to Ciancio's jury that in addition to burning C.D. with the lighter and severely bruising him by spanking him with the belt, Ciancio would punish C.D. (and his sister B.R.) by making them eat red peppers, making C.D. bite into a bar of soap, dragging C.D. out of bed and kicking him, and that Ciancio threatened to give the children a "swirly" in the bathroom. The State also presented evidence that after telling C.D. to "shut up" and making C.D. dance, Ciancio hit C.D. on the head with a paintball gun. These incidents were not alleged as part of the child abuse count charged against Ciancio and apparently did not injure C.D., but they certainly painted a negative picture of Ciancio and his character as a "care provider" and were unfairly prejudicial, particularly regarding Ciancio's sentence. The suggestion that Ciancio may have threatened to break down a door during a fight with Jones was likewise potentially prejudicial. . . .

Perhaps most potentially prejudicial at trial (and quite unfairly so) were various references to concerns about possible sexual abuse by Ciancio--none of which were objected to by defense counsel. [Department of Human Services Child Welfare Investigator] Sharon Godwin testified that a second forensic interview was done of C.D., this time "for sexual abuse," after "sexual abuse was brought up during the case." Although defense counsel clarified with Godwin that sexual abuse was not charged in the case against Ciancio, counsel failed to clarify with Godwin that there was apparently no evidence whatsoever that Ciancio had sexually abused C.D. or (B.R.) or even an allegation that he had done so. Hence the repeated references to potential "sexual abuse" and a "sexual abuse interview" done by Godwin were potentially quite unfairly prejudicial to Ciancio.

Later in Ciancio's trial, evidence was brought out by both the State and defense counsel that C.D. may have been sexually abused by a *previous* boyfriend of Jones'--in whose care she left her children while she was away

4

at military school. But this evidence was also entirely irrelevant to the charges against Ciancio and seemed likely to create additional, prejudicial sympathy for the victim C.D., for potential crimes committed against him by someone else, and may well have contributed unfairly to the sentence of 25 years given by the jury in this case.

This Court is quite disturbed by the amount of irrelevant character evidence and other improper evidence that was allowed into evidence at Ciancio's trial, which was not objected to and was sometimes further developed by Ciancio's own counsel. This Court is convinced that this evidence did not impact the jury's finding of guilt against Ciancio, which was well supported by the evidence presented at trial and by the victim's consistent statements about how he was injured by Ciancio. We need not decide Ciancio's Proposition I claim regarding whether the trial court's failure to exclude this evidence (and failure to give the jury a limiting instruction of this evidence), *sua sponte*, amounted to plain error. Rather, this Court finds that defense counsel's total failure to object to this improper and potentially prejudicial evidence, as well as counsel's further development of some of this improper evidence, constituted inadequate performance of counsel and that there is a reasonable probability that this improperly admitted evidence unfairly increased the sentence that Ciancio received from the jury for his single-count conviction of Child Abuse by Injury. Consequently, this Court finds that Ciancio has established ineffective assistance of trial counsel and that his sentence of imprisonment for 25 years should be modified to imprisonment for 15 years.

*Ciancio*, No. F-2011-568, slip op. at 2-6 (citations and footnotes omitted) (emphasis in original).

**Habeas Corpus Claims**

The record shows that the trial court admitted irrelevant character evidence and other improper evidence, and petitioner's attorney failed to object to this evidence and even developed some of the improper evidence. Furthermore, there were no limiting instructions regarding this evidence.

> . . . As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with

> state evidentiary rulings unless the rulings in question rendered "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001).

*Strickland* requires a petitioner to show that (1) his counsel's performance fell below an objective standard of reasonableness, 466 U.S. at 687-88, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. The OCCA found that under *Strickland*, petitioner's trial counsel was ineffective in his representation, but counsel's deficiencies only affected petitioner's sentence, not the jury's finding of guilt. *Ciancio*, No. CF-2010-401, slip op. at 6.

This court finds the OCCA correctly determined that the jury's guilt/innocence decision was not affected by the improper evidence admitted through trial counsel's ineffectiveness. *See Strickland*, 466 U.S. at 694. Regarding petitioner's sentence modification, the OCCA has statutory authority to modify a sentence. *See* Okla. Stat. tit. 22, § 1066 (2001); *see also Livingston v. State*, 795 P.2d 1055, 1058 (Okla. Crim. App. 1990). Furthermore, if a state appellate court has authority to exercise its own discretion and modify a jury sentence on appeal as a matter of state law, no due process violation occurs when it does so. *Carbray v. Champion*, 905 F.2d 314, 317-18 (10th Cir. 1990) (citing *Clemens v. Mississippi*, 494 U.S. 738, 746 (1990)). *See also Cheadle v. Dinwiddie*, No. CIV-07-939-C, 2008 WL 281521, at *5 (W.D. Okla. Jan. 31, 2008), *aff'd*, No. 08-6045, 278 Fed. Appx. 820, 823-24, 2008 WL 2097428, at *2 (May 20, 2008), *cert. denied*, 555 U.S. 1109 (2009).

The United States Supreme Court has held that "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury

suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364 (1981). Here, the OCCA's sentence modification conformed to the requirements of *Morrison*, and there was no constitutional violation.

After careful review, this court finds the OCCA's determination of petitioner's claims was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). The court further finds the OCCA's decision was not based on an unreasonable determination of the facts presented at trial. *See* 28 U.S.C. § 2254(d)(2). Therefore, federal habeas corpus relief is not warranted.

**Certificate of Appealability**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a Certificate of Appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because petitioner has not made that showing, he is denied a certificate of appealability.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is DISMISSED in its entirety. Petitioner also is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 4th day of March 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma